IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Joseph Filer, individually and on behalf of all others similarly situated, §§§§§<br><br>Plaintiff, §<br>§ Civil Action No. CIV-21-1114-PRW<br>v. §<br>§ JURY TRIAL DEMANDED<br>Nine Energy Service, Inc. §<br>§ COLLECTIVE ACTION<br>Defendant. § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff Joseph Filer ("Filer" or "Plaintiff"), individually and on behalf of all others similarly situated, files this Original Collective Action Complaint against Defendant Nine Energy Service, Inc. ("Nine Energy" or "Defendant"), showing in support as follows:

### I.  NATURE OF ACTION

1. This is an action to recover unpaid overtime compensation under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA"). Defendant misclassified Plaintiff as exempt from the FLSA and failed to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each seven-day workweek while working for Defendant and paid on a salary basis.

2. Plaintiff brings this lawsuit individually and as a collective action under 29 U.S.C. § 216(b) on behalf of other manual laborer employees of Defendant who, like him, were misclassified as exempt from the FLSA and not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek while working for Defendant and paid on a salary basis.

## II.     THE PARTIES

3.      Plaintiff is a resident of Oklahoma and worked for Defendant as a non-exempt employee during the relevant statutory period. Plaintiff's consent to participate in this lawsuit is attached hereto as Exhibit 1. Plaintiff worked for Defendant from on or about January 15, 2018 through on or about July 15, 2019. Plaintiff's salary was approximately $1,950 per week. Plaintiff typically worked approximately 70 hours per week.

4.      Defendant is a corporation formed under the laws of the State of Delaware. Defendant operates within this Judicial District. Although Defendant does not have a registered agent listed with the Oklahoma Secretary of State, Defendant may be served at its corporate office located at 2001 Kirby Drive, Suite 200 Houston, Texas 77019, by serving an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. *See* Fed. R. Civ. P. 4(h)(1)(A); Okla. Stat. tit. 12 § 2004(C)(4)(b)(3). At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

5.      The putative collective action members are all manual laborer employees of Defendant who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek while working for Defendant and paid on a salary basis.

## III.     JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

7. This Court has personal jurisdiction over Defendant because Defendant does business in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District.

### IV. FACTUAL ALLEGATIONS

9. At all times relevant to this action, Defendant employed and continues to employ two or more employees.

10. Defendant was an employer of Plaintiff and the putative collective action members.

11. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold or otherwise worked on goods and/or materials that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, fluids, vehicles, personal protective equipment, computers, and other supplies/materials used in connection with Defendant's oilfield operations.

12. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

13. Plaintiff was misclassified as an exempt employee of Defendant. Defendant paid Plaintiff on a salary basis.

14. Plaintiff worked as a field operator on Defendant's work site. His job duties involved performing manual labor and servicing and repairing tools and equipment at the worksite. He worked with other manual laborer employees of Defendant who were paid on a salary basis.

15. Plaintiff frequently worked in excess of forty (40) hours per workweek without receiving overtime premium compensation for all such hours of work.

16. As the result of Defendant's failure to pay overtime premium compensation for all hours worked over forty (40) in a workweek, Defendant is liable to Plaintiff for damages including backpay, liquidated damages, and Plaintiff's costs and attorneys' fees.

## V.     COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff proposes to maintain this lawsuit as a collective action on behalf of the putative collective action members, defined as:

> all current and former manual laborer employees of Defendant who were paid on a salary basis without receiving overtime premium pay for all hours over forty (40) in a workweek.

18. Plaintiff has personal knowledge that other putative Collective Action Members who shared manual labor responsibilities with Plaintiff on Defendant's jobsites frequently worked in excess of forty (40) hours in a workweek and were paid pursuant to the same policy, namely, paid a salary without receiving overtime premium pay for all hours worked over forty in each seven-day workweek.

19. The putative Collective Action Members are similarly situated to Plaintiff and to one another, within the meaning of Section 216(b) of the FLSA.

20. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA. Defendants' failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

21. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

22. Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

23. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

24. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

### VI.   CAUSE OF ACTION: VIOLATION OF FLSA – FAILURE TO PAY OVERTIME PURSUANT 29 U.S.C. § 207

25. Federal law requires covered employers to pay overtime premium pay at the rate of one and one-half times the regular rate of pay to non-exempt employees for all hours worked over forty (40) in a workweek. 29 U.S.C. § 207.

26. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d). At all relevant times, Defendant has been/is an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1). At all relevant times, Plaintiff and the putative collective action members were Defendant's employee under the FLSA. 29 U.S.C. § 203(e).

27. Plaintiff and the putative collective action members were non-exempt employees. Consequently, Plaintiff and the putative class members were entitled to overtime premium pay.

28. Defendant failed to pay Plaintiff and the putative collective action members at the rate of time and one-half their respective regular rates of pay for all hours worked over forty (40) in a workweek, and are liable for damages. *See* 29 U.S.C. § 203(s)(1).

29. Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff and the putative collective action members on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

30. Defendant's violation of the FLSA, as described above, was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and the putative collective action members were not paid overtime premium pay at the rate of time and one-half his respective regular rates of pay for all hours worked over forty (40) in a seven-day workweek.

31. Plaintiff specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward for his FLSA claim, and the claims of the putative collective action members, as the result of Defendants' willful conduct. *See* 29 U.S.C. § 255(a).

32. Plaintiff seeks all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VII.   JURY DEMAND

33. Plaintiff demands a jury trial on behalf of himself and the putative Collective Action Members/Class Members on all issues.

## VIII.   DAMAGES AND PRAYER

34. Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the putative collective action members be awarded a judgment against Defendant and/or order(s) from the Court for the following:

   a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

    b. All damages allowed by the FLSA, including back wages;

    c. Liquidated damages in an amount equal to FLSA-mandated back wages;

    d. Legal fees, costs and expenses, as permitted under the FLSA;

    e. Post-judgment interest, as permitted under the FLSA;

    f. All other relief to which Plaintiff and the putative collective action members may be justly entitled.

Dated: November 23, 2021

Respectfully submitted,

By: */s/ Ricardo J. Prieto*
Ricardo J. Prieto
Texas Bar No. 24062947
rprieto@eeoc.net
Melinda Arbuckle
Texas Bar No. 24080773
marbuckle@eeoc.net
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

ATTORNEYS FOR PLAINTIFF AND PUTATIVE FLSA COLLECTIVE ACTION MEMBERS